*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WEST MICHIGAN ANNUAL CONFERENCE OF
THE UNITED METHODIST CHURCH,

Petitioner-Appellee,

v

CITY OF GRAND RAPIDS,

Respondent-Appellant.

FOR PUBLICATION
February 25, 2021

No. 352703
Tax Tribunal
LC No. 19-001186-TT

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

SWARTZLE, P.J. (*concurring*).

I fully concur in the majority's well-reasoned opinion. I write separately to address an issue that is cited by the majority, though not outcome-determinative in this case—the oft-stated directive that courts must give "respectful consideration" to an agency's statutory interpretation, and the related directive that we should not deviate from that interpretation without "cogent reasons" for doing so. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008).

I will admit to a certain confusion regarding the "respectful consideration" directive aimed specifically at agency interpretations. As our Supreme Court explained in *In re Complaint of Rovas*, this directive is *not* one of deference to the agency's interpretation of statute. *Id.* at 107-108. For sound reasons, our Supreme Court has expressly rejected anything approaching *Chevron* deference in Michigan courts. *Id.* at 111 (discussing *Chevron USA Inc v Natural Resources Defense Council, Inc*, 467 US 837; 104 S Ct 2778; 81 L Ed 2d 694 (1984)).

Rather, our courts review questions of statutory construction under a *de novo* standard, whether the particular case before us originated in a circuit court or an agency. Under this standard, courts apply the plain meaning of the statute, or, if there is an actual ambiguity in the statute, we use various semantic, syntactic, and contextual canons of construction to try to resolve the ambiguity. Only when, "after applying all the normal tools of interpretation, an ambiguity cannot be resolved (which is never" . . . or, at least, hardly ever), Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (Thomson/West, 2012), p 233, should we resort to judicially created

canons of last resort, see, e.g., *TOMRA of North America, Inc v Dep't of Treasury*, 505 Mich 333, 340-344; 952 NW2d 384 (2020).

In this process of interpretation, we do not defer to a circuit court's or agency's interpretation of a statute, though we certainly give that interpretation "respectful consideration," as we should. But crucially, this is no different, in my opinion, than what we are required to do with respect to the interpretation offered by the criminal defendant, the prosecutor, the individual plaintiff, the corporate defendant, the taxpayer, or any other party before the court. What is the alternative—disrespectful consideration? No consideration? Something close-to-but-not-quite-respectful consideration? The alternatives are absurdities.

To be clear, my confusion is not with being required to give "respectful consideration" to an agency's interpretation, but rather it is with the fact that our case law has singled out the agency's interpretation for such consideration. I believe that our courts are required to give—and, in fact, do give—"respectful consideration" to the interpretation of a statute made by a circuit court, an agency, a party, an amicus curiae, or any other interested party, and there is no good jurisprudential reason for singling out the agency's interpretation in this regard. Similarly, there seems no good jurisprudential reason for singling out an agency's interpretation for approval absent "cogent reasons" favoring an alternative interpretation. *In re Complaint of Rovas,* 482 Mich at 103. Again, what is the alternative, that courts would have non-cogent reasons for disagreeing with an agency's interpretation, or that a more persuasive argument offered by a taxpayer must be rejected because the agency's interpretation has satisfied some vague, undefinable quantum of cogency?

As I read our case law, the directives to give "respectful consideration" to an agency's interpretation and not depart from it unless there are "cogent reasons" for doing so are little more than judicial dross. The directives add nothing in substance to what we should do in every case involving statutory interpretation—give "respectful consideration" to the interpretations offered and select an interpretation supported by the most "cogent reasons." If, instead, these directives require courts to do something different when considering an agency interpretation than we do when considering a circuit court's or party's interpretation, then this is just a legalistic way of loading the dice in favor of the agency.

A court should adopt the best interpretation of a statute, based on a fair reading of the text, using clear, even-handed criteria objectively applied—full stop. If an agency's subject-matter expertise gives that agency some insight into what the Legislature meant when it enacted a particular statute, then that agency should rely on the persuasive force of its arguments, not loaded dice. See *Marbury v Madison*, 5 US (1 Cranch) 137; 2 L Ed 60 (1803).

Because the majority opinion does precisely what a court should do, I concur in full.


/s/ Brock A. Swartzle